**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DENICIA V. ROBERTS                                                    PLAINTIFF

v.                                        No. 2:13CV000091 JLH

ARKANSAS MILITARY DEPARTMENT, *et al.*                    DEFENDANTS

## ORDER

      Denicia V. Roberts commenced this action against the Arkansas Military Department; retired General William Johnson, in his official capacity as the Director of the Arkansas Military Department; and Ray Moix, individually and in his official capacity as the former Director of the Arkansas Military Department, alleging race discrimination, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964,[1] 42 U.S.C. § 1983, and the Arkansas Civil Rights Act.  All of Roberts's allegations are based on interactions that she had with a former subordinate and on her supervisors' handling of her complaints about the subordinate.

      The defendants have moved to dismiss her amended complaint, contending that: (1) the Arkansas Military Department and the official capacity defendants are entitled to sovereign immunity; (2) Roberts cannot recover punitive damages against the Arkansas Military Department or the official capacity defendants; (3) Moix, individually, is entitled to qualified immunity because no facts alleged would constitute a constitutional violation; (4) the section 1983 individual capacity claims fail; (5) the Arkansas Civil Rights Act does not permit claims against individuals; (6) the complaint fails to meet Federal Rule of Civil Procedure 8(a)(2);[2] and (7) Johnson and Moix cannot be held vicariously

---

[1] 42 U.S.C. §§ 1981, 1982, and 2000e *et seq.*

[2] Federal Rule of Civil Procedure 8(a)(2) reads: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

liable under section 1983.

As set out below, the defendant's motion is granted in part and denied in part (Document #25):

1.      All claims, except those under Title VII,[3] against the Arkansas Military Department are dismissed because the Eleventh Amendment bars suit against a state and its agencies for any kind of relief.[4]

2.      Roberts's section 1983 claims for monetary damages against Johnson and Moix, in their official capacities, are dismissed, since state officials may be sued only for injunctive relief.[5]

3.      Since supervisors are not individually liable as employers under Title VII or the Arkansas Civil Rights Act, those claims against Ray Moix in his individual capacity are dismissed.[6]

4.      The defendants argue that Moix, individually, is entitled to qualified immunity on the remaining claims since the complaint has not stated any facts alleging that defendant Moix committed a constitutional violation.  Qualified immunity shields a state official from liability from damages

---

[3] *Warren v. Prejean*, 301 F.3d 893, 899 (8th Cir. 2002) (holding that "this Circuit has consistently held that Congress validly abrogated the Eleventh Amendment with the enactment of Title VII.").

[4] *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

[5] *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) ("Second, § 1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes."); *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005) ("A federal court may therefore issue an injunction to prevent state officials from violating the Constitution without running afoul of the Eleventh Amendment.").

[6] See *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000); *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *Morrow v. City of Jacksonville, Ark.*, 941 F. Supp. 816, 820 (E.D. Ark. 1996) (holding that supervisors are not employers under the Arkansas Civil Rights Act and cannot be held individually liable).

unless the official's conduct violated a clearly established constitutional right of which a reasonable person would have known.[7]  This request is denied without prejudice, since the Court is permitting Roberts to amend her complaint.

5.      Within 30 days of the date of this Order, Roberts must file an amended complaint consistent with the findings above.  Roberts must include all factual allegations that she believes support her claims of adverse employment action, hostile work environment, and retaliation.  Failure to file the amended complaint may result in a dismissal with prejudice.

IT IS SO ORDERED this 12th day of March, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[7] *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).