**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DENICIA V. ROBERTS                                                                    PLAINTIFF

v.                                             NO. 2:13CV00091 JLH

ARKANSAS MILITARY DEPARTMENT;
WILLIAM JOHNSON, Retired General, in his
official capacity as Director of the Arkansas
Military Department; and RAY MOIX,
individually and in his official capacity as the
former Director of the Arkansas Military
Department, Department of State Resources                              DEFENDANTS

<u>**ORDER**</u>

Denicia Roberts has filed a second amended complaint in which she alleges that she was
subjected to discrimination based on her race and sex in violation of Title VII of the Civil Rights Act
of 1964, 42 U.S.C. § 2000e *et seq.*, the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101
*et seq.*, and 42 U.S.C. § 1983.  The Title VII claim against the Arkansas Military Department is
based on her allegations that she was subjected to a hostile work environment because of her race
and sex.  The defendants have moved to dismiss all of Roberts's claims except her Title VII hostile
work environment claim.  That motion is GRANTED.  Document #36.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint
must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."
Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, the complaint must
set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  The court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, 127 S. Ct. at 1975, and must draw all reasonable inferences in favor of the nonmoving party.  *Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010).  The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

In addition to her Title VII claims, Roberts also brings her claims against the Arkansas Military Department pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act.  Those claims are barred by sovereign immunity.  *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *Short v. Westark Cmty. Coll.*, 347 Ark. 497, 508, 65 S.W.3d 440, 448 (2002).  They also are based on the doctrine of respondeat superior, which is not available as a theory of relief under section 1983 or the Arkansas Civil Rights Act.  *Jones v. Huckabee*, 369 Ark. 42, 48-49, 250 S.W.3d 241, 246 (2007) (citing *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)).  Therefore, Roberts's claims against the Arkansas Military Department pursuant to section 1983 and the Arkansas Civil Rights Act are dismissed with prejudice.

In addition to her hostile work environment claim against the Arkansas Military Department, Roberts alleges claims against General William Johnson in his official capacity as the Director of the Arkansas Military Department, and Ray Moix, individually, and in his official capacity as the former Director of the Arkansas Military Department.  Moix is no longer the director, so the official-capacity claim against him is dismissed.  Roberts's official-capacity claim against Johnson, the current director, is in effect a claim against the Arkansas Military Department. *See Baker v. Chisom*,

501 F.3d 920, 925 (8th Cir. 2007).  To the extent that this claim seeks monetary damages under section 1983, it is barred by sovereign immunity.  To the extent those claims are brought under Title VII, they are dismissed as redundant of the claim against the Department.  *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

Roberts also alleges a Title VII claim for retaliation.  She has not, however, stated facts sufficient to show a retaliation claim that is plausible on its face.  *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.  The retaliation claim is dismissed without prejudice.

Roberts also asserts claims against Moix in his individual capacity pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act.  Personal liability under section 1983 requires proof of intentional discrimination by that defendant, i.e., proof that the particular defendant acted with an impermissible motive, not merely that he knew of his subordinate's impermissible motives and failed to put a stop to their actions.  *Ellis v. Houston*, 742 F.3d 307, 327 (8th Cir. 2014) (Loken, J., concurring).  Because the Arkansas courts interpret the Arkansas Civil Rights Act consistently with the federal courts' interpretation of section 1983, the same result would obtain under the Arkansas act.  Ark. Code Ann. § 16-123-105(c); *Island v. Buena Vista Resort*, 352 Ark. 548, 556-57, 103 S.W.3d 671, 675 (2003).  The second amended complaint fails to allege facts that would plausibly show that Moix acted with intent to discriminate, although it does allege facts that would tend to show that he failed to prevent intentional discrimination by a subordinate.  Roberts's claims against Moix in his individual capacity are dismissed.

For the reasons stated, all of Roberts's claims are dismissed, except her Title VII hostile work environment claim against the Arkansas Military Department and her official-capacity section 1983 claim against Johnson for declaratory and prospective injunctive relief.  Those claims will

proceed.  Roberts's other claims against the Arkansas Military Department under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act are dismissed with prejudice.  Her retaliation claims under Title VII and her individual capacity claims against Ray Moix are dismissed without prejudice.

IT IS SO ORDERED this 17th day of June, 2014.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE